IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

———————————————————————

| | |
|---|---|
| KENNETH ALLEN HARDING, PRO SE, § <br> TDCJ-CID #723126, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TIMOTHY SIMMONS, § <br> DOROTHY BRITTON, § <br> CHRIS ROBLES, ROBERT HENTHORN, § <br> JEAN McALPINE, and § <br> ALBERT STEVENS, § <br> § <br> Defendants § | 2:06-CV-0041 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KENNETH ALLEN HARDING, acting pro se and while incarcerated as a prisoner in the Baten Intermediate Sanction Facility[1], has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been allowed to proceed in forma pauperis.

Plaintiff, a parole-violator confined in an intermediate sanction facility, claims the defendants have forced him to work without compensation in the form of good time credits or money and have given him disciplinary cases for refusing to work.

Plaintiff requests an award of $100,000.00 from each defendant, as well as "court costs and legal fees", and that slavery be stopped for all offenders.

---

[1] Plaintiff has been re-released on parole since filing suit.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

The Fifth Circuit has repeatedly held that an inmate may be required to work without pay. The Thirteenth Amendment abolishes "slavery [and] involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted. . ." *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *superseded and reinstated* on this point by *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991), (quoting the Thirteenth Amendment to the United States Constitution, section 1). "[I]nmates

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001). Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

IT IS HEREBY ORDERED that, pursuant to Title 28, United States Code, sections 1915A(b)(1) and 1915((e)(2)(b)(1), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff KENNETH ALLEN HARDING is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

Any pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  5th  day of September, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE